MEMORANDUM *
California state prisoner Johnny Ruiz, Jr., appeals from the district court’s summary judgment in his 42 U.S.C. § 1983 action against members of the correctional staff at Salinas Valley State Prison. Ruiz claimed that the defendants were deliberately indifferent to his safety by putting him in a cell with a documented enemy, Marcus Guillen, whom he immediately attacked and by whom he was hurt in return.
First, Ruiz challenges the district court’s finding that he failed to present evidence from which a reasonable jury could conclude that officials had acted with deliberate indifference in subjecting him to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 828-29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, Ruiz challenges the district court’s ruling that defendants were entitled to qualified immunity because, even if their behavior violated Ruiz’s constitutional rights, that violation would not have been clear to a reasonable correctional officer. We review Ruiz’s claims de novo. See Balint v. Carson City, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). Under the recently decided case of Pearson v. Callahan, - U.S. -, 129 S.Ct. 808, 813, 172 L.Ed.2d 565 (2009), we need not address Ruiz’s first claim if we uphold the district court’s qualified immunity ruling, and we do so here.
Ruiz argues that the district court erred when it held that, at most, the defendants had been merely negligent in failing to notice that he and his proposed cellmate were documented enemies. Ruiz points to circumstantial evidence indicating that the defendants had observed and intentionally disregarded that status. Even if this inference is drawn in Ruiz’s favor, however, uncontroverted evidence remains that would have led a reasonable prison official to believe that celling Ruiz with Guillen would not have subjected him to a substantial risk of serious harm. Ruiz signed a form indicating his willingness to cell with Guillen, and Guillen did the same with regard to Ruiz. Although there was some dispute whether Ruiz registered an audible objection on approaching the cell, he expressed no concern while the two cellmates had their handcuffs removed after Ruiz was escorted into the cell. It was reasonable for the officers to rely on the facts that both cellmates had signed the consent form, and that they both appeared to quietly acquiesce when placed in the cell together. Considering this context, we conclude that a reasonable prison official would not have known that he was subjecting Ruiz to a substantial risk of serious harm. Nor can we ignore the fact that *667 Ruiz was the initial aggressor, which reasonable officers in these circumstances would not have been required to anticipate in assessing risk to Ruiz.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.